Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1790 | **DATE** | 6/14/2001 |
| **CASE TITLE** | First Health Group Corp. vs. Allcare Health Management | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion to transfer is granted. This action is transferred to the Northern District of Texas, Fort Worth Division. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 15 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 14 PM 4:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST HEALTH GROUP CORP., | ) | **DOCKETED** |
| Plaintiff, | ) | JUN 1 5 2001 |
| | ) | |
| v. | ) | 01 C 1790 |
| | ) | Judge George W. Lindberg |
| ALLCARE HEALTH MANAGEMENT SYSTEM, INC., | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Allcare Health Management System, Inc. seeks the transfer of this case to the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion to transfer is granted.

Defendant is a Delaware corporation whose principal place of business is in Fort Worth, Texas. Defendant is the assignee of U.S. Patent No. 5,301,105 (the "'105 patent"), which claims a health management system. Defendant's potential witnesses in this case are located in Texas, Florida, and California.

Plaintiff is a Delaware corporation headquartered in Downers Grove, Illinois. Plaintiff filed this case on March 14, 2001 in the Northern District of Illinois, seeking a declaratory judgment of non-infringement and invalidity of defendant's '105 patent. Plaintiff's potential witnesses are located in Illinois, Virginia, and Arizona; its relevant documents are located in facilities in eight states, including Illinois and Texas. Plaintiff promotes itself as a national company on its website and is registered with the Texas Secretary of State to do business in



Texas.

Five months before this case was filed, on October 12, 2000, defendant filed a patent infringement action in the Northern District of Texas, Fort Worth Division, in civil action number 4:00 CV 1683. That case, currently in the discovery stage, alleges the infringement of the '105 patent by multiple defendants, including First Health Services Corp., a subsidiary of First Health Group.

In this case, defendant has moved to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the Northern District of Texas, Fort Worth Division. Under 28 U.S.C. § 1404(a), a motion for transfer may be granted without first making a determination regarding personal jurisdiction. See, e.g., United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964); Koehring Co. v. Hyde Construction Co., 324 F.2d 295, 297-98 (5th Cir. 1963). As this court is granting defendant's motion to transfer, we do not reach the issue of personal jurisdiction.

A district court may transfer a civil action to any other district where the case otherwise might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). As a preliminary matter, we note that this case properly could have been brought in the Northern District of Texas, where defendant resides. See 28 U.S.C. § 1391(b). Therefore, we turn to the issue of whether the convenience of the parties and the interest of justice support transferring this case to the Northern District of Texas. The party moving for transfer bears the burden of demonstrating that, after considering the convenience of the parties, the convenience of the witnesses, and the interest of justice, the transferee forum is clearly more convenient than the transferor forum. Coffey v. Van Dorn Iron Works, 796 F.2d

217, 219-20 (7th Cir. 1986).

In this case, defendant's principal place of business and some of its potential witnesses are located in Texas, and the prosecutors of the patent reside there. In contrast, in support of its argument that the Northern District of Illinois provides a more convenient forum for this litigation, plaintiff emphasizes that its headquarters, key employees, and important business documents are located in Illinois. The convenience of the parties and witnesses thus appears balanced between Illinois and Texas. Although some additional weight must be given to plaintiff's choice of forum, this factor is not dominant. See Medi USA, L.P. v. Jobst Inst., Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992).

Far more compelling is the interest of justice in transferring this case to the Northern District of Texas. There, the court already is charged with review of the same '105 patent at issue here, in a case in which plaintiff's subsidiary is a party.[1] The interest of justice may be the determinative issue in a transfer analysis, even where the convenience of the parties and witnesses might support a different result. Coffey, 796 F.2d at 220. The feasibility of consolidation with related litigation elsewhere is a factor relevant to an inquiry into whether a transfer would be in the interest of justice. Id. at 221. As a rule, "cases should be transferred to the district where related actions are pending." A.P.T., Inc. v. Quad Envtl. Techs. Corp., Inc., 698 F. Supp. 718, 723 (N.D. Ill. 1988), quoting SEC v. First Nat'l Fin. Corp., 392 F. Supp. 239 (N.D. Ill. 1975). This practice promotes the conservation of judicial resources and ensures

---

[1] Plaintiff appears confident that its subsidiary's motion for judgment on the pleadings in the Texas litigation will be granted; that event remains to be seen. Even if plaintiff's subsidiary were not part of the Texas case, however, the same issues still would be litigated regarding the other defendants who remained.

3

consistency in rulings. See, e.g., id. at 724.

Plaintiff asserts that transfer would not conserve judicial resources because the infringement issues raised in this case differ from those raised in the Texas litigation; plaintiff has provided this court with no details as to these differences, however. Indeed, in light of the fact that the validity of the same patent is at issue in each of these cases, it is reasonable to assume that many of the same documents will be requested and the same witnesses will be deposed in each case. Thus, transfer of this case will allow for the coordination of the discovery process in a single district.[2] More importantly, transfer will ensure uniformity of the substantive rulings in this complex area of the law. Especially given plaintiff's nationwide operations, including potentially relevant operations in Houston, any inconvenience the company may experience as a result of the transfer of this case to the Northern District of Texas is relatively insignificant in comparison to the interests of justice served by doing so.

For these reasons, the court grants defendant's motion to transfer this case to the Northern District of Texas, Fort Worth Division.

---

[2] Of course, there is no guarantee that the court in the Northern District of Texas will choose to consolidate these cases. However, the discovery cutoff date in the Texas litigation currently is almost a year away, and trial is scheduled for August 12, 2002, indicating that that case still is in an early stage, and that consolidation thus is feasible.

**ORDERED:** Defendant's motion to transfer is granted.

ENTER:

George W. Lindberg
United States District Judge

DATED: JUN 1 4 2001